UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSE and MARTHA SOTO,   No. 12-12373

                        Debtor(s).
_____/

Memorandum and Order re Plan Confirmation
_____

In *In re Monroy*, 650 F.3d 1300 (9th Cir. 2011), the Court of Appeals approved confirmation of a Chapter 13 plan incorporating optional language adopted by the Central District of California pursuant to a local form addendum which required secured lenders to give certain periodic information to debtors regarding the status of mortgage obligations. Subsequent to that decision, Rule 3002.1 of the Federal Rules of Bankruptcy Procedure, dealing with the same subject, became effective.

In this case, Chapter 13 debtors Jose and Martha Soto have proposed a plan which incorporates the language approved in *Monroy*. They also insist that Rule 3002.1 applies, even though the terms are not entirely consistent with each other. Wells Fargo Bank, the creditor who would be required to jump through these hoops, objects.[1]

Section 1325(a)(1) of the Bankruptcy Code provides that confirmation of a plan is mandatory

---

[1] In open court, counsel for Wells Fargo proposed some modifications which appeared to the court to be entirely reasonable. In a singular display of intransigence, counsel for the Sotos rejected the compromise out of hand, and apparently without consulting his clients.

1

if the plan complies with the Bankruptcy Code. Section 1322(b)(11) (formerly § 1322(b)(10)) of the Code allows inclusion of any term in a Chapter 13 plan not inconsistent with the Bankruptcy Code. Because the Federal Rules of Bankruptcy Procedure have the effect of law when not inconsistent with the Code, courts have consistently held that a plan which contains terms at odds with the Federal Rules of Bankruptcy Procedure is not confirmable. See, e.g., *In re Duke*, 447 B.R. 365, 369 (Bkrtcy.M.D. Ga 20110; *In re Carlton,* 437 B.R. 412, 430 (Bkrtcy. N.D.Ala. 2010); *In re Whelton*, 299 B.R. 306, 315 (Bkrtcy.D.Vt.2003); *In re Fuller*, 255 B.R. 300, 305 (Bkrtcy.W.D.Mich.2000)["Indeed, the constraint in both Section 1322(b)(10) and Section 1325(a)(1) that the plan provisions be consistent with Title 11 mandates that the bankruptcy rules must be heeded, not ignored."]. It seems that the language approved in *Monroy* is no longer necessary or appropriate in light of Rule 3002.1.[2]

Of course, every Chapter 13 case is different and there may be some reason the court does not yet see why in this case both the Central District addendum and Rule 3002.1 should apply. Accordingly, the debtors shall appear in person before the court on January 23, 2013, at 3:00 P.M., then and there to be examined by the court as to why they need both the protections of the addendum and Rule 3002.1 in this case.[3]

SO ORDERED.

Dated: December 20, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] Indeed, an informal query of his Central District brethren taken by the court indicates that the judges in that district do not feel their local form addendum is still effective, there has been a recommendation by its Chapter 13 Committee that it be abrogated, and at least one Central District judge has denied confirmation of a Chapter 13 plan where both the local form language and Rule 3002.1 were proposed to apply.

[3] The debtors and Wells Fargo may choose a different date if they both so stipulate.

2