UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSE and MARTHA SOTO,   No. 12-12373

   Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

In *In re Monroy*, 650 F.3d 1300 (9th Cir. 2011), the Court of Appeals approved confirmation of a Chapter 13 plan incorporating optional language adopted by the Central District of California pursuant to a local form addendum which required secured lenders to give certain periodic information to debtors regarding the status of mortgage obligations.[1] Subsequent to that decision, Rule 3002.1 of the Federal Rules of Bankruptcy Procedure, dealing with the same subject, became effective.

In this case, Chapter 13 debtors Jose and Martha Soto have proposed a plan which incorporates the optional language approved in *Monroy*. They also insist that Rule 3002.1 applies, even though its terms are not entirely consistent with the optional language. Wells Fargo Bank, the creditor who would be required comply with both Rule 3002.1 and the optional language, objects.

The court begins by noting that the issue here is not the same issue as in *Monroy*. Rule 3002.1

---

[1] The Circuit in *Monroy* affirmed the decision of the Bankruptcy Appellate Panel in *In re Herrera,* 422 B.R. 698 (9th Cir. BAP 2010), adopting the BAP decision.

1

was not in effect at that time. The issue in that case was whether the anti-modification provisions of § 1322 (b)(2) of the Bankruptcy Code, giving special rights to creditors secured only by the debtor's residence, prohibited the court from creating additional obligations on the creditor. The issue here is quite different: whether pursuant to § 1322(b)(11) a plan can place additional burdens on a creditor over and above the provisions of the Federal Rules of Bankruptcy Procedure addressing the same problem.

Section 1325(a)(1) of the Bankruptcy Code provides that confirmation of a plan is mandatory if the plan complies with the Bankruptcy Code. Section 1322(b)(11) (formerly § 1322(b)(10)) of the Code allows inclusion of any term in a Chapter 13 plan not inconsistent with the Bankruptcy Code. Because the Federal Rules of Bankruptcy Procedure have the effect of law when not inconsistent with the Code, courts have consistently held that a plan which contains terms at odds with the Federal Rules of Bankruptcy Procedure is not confirmable. See, e.g., *In re Duke*, 447 B.R. 365, 369 (Bkrtcy.M.D. Ga 20110; *In re Carlton,* 437 B.R. 412, 430 (Bkrtcy. N.D.Ala. 2010); *In re Whelton*, 299 B.R. 306, 315 (Bkrtcy.D.Vt.2003); *In re Fuller*, 255 B.R. 300, 305 (Bkrtcy.W.D.Mich.2000)["Indeed, the constraint in both Section 1322(b)(10) and Section 1325(a)(1) that the plan provisions be consistent with Title 11 mandates that the bankruptcy rules must be heeded, not ignored."]. It seems that the optional language approved in *Monroy* is no longer necessary or appropriate in light of Rule 3002.1.

The Sotos argue that they are entitled to the dual provisions, that Wells Fargo has the burden of showing that their plan is unduly burdensome and, failing that, the court must confirm the plan. Assuming that the Sotos are not completely barred from including the optional language, the court is not convinced that Wells Fargo bears such a burden. While the Sotos' position may be correct when the issue is § 1322(b)(2), the considerations are not the same when addressing § 1322(b)(11). Generally, a debtor bears the burden of showing that his plan meets the requirements of law, *In re Barnes,* 32 F.3d 405, 407 (9th Cir. 1994), including the burden of showing that any unusual provisions are permitted by § 1322(b)(11). *In re Whelton,* 299 B.R. at 318.

Assuming for the sake of argument that in an unusual case the law permits a plan to add

2

requirements on a creditor beyond those imposed by the Federal Rules of Bankruptcy Procedure, and that the initial burden is on the creditor to show that a provision of the plan is not permitted by § 1322(b)(11), it seems reasonable to hold that a creditor meets this initial burden by showing that the subject matter of the provision is governed by one of the rules of the Federal Rules of Bankruptcy Procedure and the plan requires something more of the creditor than required by those rules. Once this showing has been met, the burden should shift to the debtor to show that the plan term is both reasonable and necessary.

In this case, the Sotos have not made the required showing. While the Sotos outlined problems with Wells Fargo related to collection of unsecured debt, they did not articulate a single problem with Wells Fargo in relation to its deed of trust on their residence and no reason why both the Central District addendum and Rule 3002.1 need to apply to their case. Since the Sotos have failed to make this showing, the court cannot confirm their plan in its present form.

For the foregoing reasons, the court will confirm the Sotos' plan but the order confirming the plan shall provide that only the provisions of Rule 3002.1 shall apply and not the addendum language borrowed from the Central District. If this is acceptable to the Sotos, they may submit an appropriate form of order confirming their plan which counsel for Wells Fargo and counsel for the Trustee have approved as to form. If this is not acceptable to the Sotos, they shall submit a form of order denying confirmation and dismissing their case.

Dated: January 26, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge