UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSE and MARTHA SOTO,  No. 12-12373

Debtor(s).
_____/

Memorandum on Motion for Additional Findings
_____

    In this case, Chapter 13 debtors Jose and Martha Soto have proposed a plan which incorporates the optional language of the Central District approved in *In re Monroy*, 650 F.3d 1300 (9th Cir. 2011). They also insist that Rule 3002.1 of the Federal Rules of Bankruptcy Procedure applies, even though its terms are not entirely consistent with the optional language. Wells Fargo Bank objected.

    The court gave the matter considerable thought, and then rejected the Sotos' argument. It gave them the choice of confirmation without the optional language or denial of confirmation. Instead, they have moved the court for "additional findings."

    A review of the full record in this case reveals several things that are troubling to the court, including the fact that counsel for the Sotos rejected, without appearing to consult his clients, a very reasonable compromise offered by Wells Fargo on the record at the hearing on December 12, 2012. Even more troubling is counsel's repeated assertions that the optional language is still in use in the Central District, that Central District judges are still confirming plans with the optional language, and that Wells Fargo's position has been "rejected by every court that has heard it."

1

The court has made every effort to verify the bald assertion made by the Sotos' counsel. No Central District judge has reported that he or she still confirms Chapter 13 plans with the optional language. By vote of the Central District Board of Judges, the optional language has been removed from the Central District website and is no longer recognized or enforced. The unpublished decision cited repeatedly by the Sotos, *In re Vu*, deciding a case arising before Rule 3002.1 was effective, was made without reference to Rule 3002.1 and in no way stands for the position that a debtor is entitled to both the protections of Rule 3002.1 and some other language covering the same subject.

A full review of the record also has the court questioning the Sotos' motives. They had some trouble with Wells Fargo unrelated to their home mortgage. Their schedules show that Wells Fargo is under-secured, which means that the Sotos can cause Wells Fargo considerable trouble without worrying about having to pay Wells Fargo's reasonable fees and costs pursuant to § 506(b) of the Bankruptcy Code. The Sotos' good faith has never been raised as an issue in this case, but upon review the court sees something more here than a mere dispute over the state of the law.

The Sotos have not given the court a single reason why the provisions of Rule 3002.1 are inadequate to protect their interests. They have cited phantom and inapposite authority to support their position. They rejected an extremely reasonable compromise out-of-hand, and seem motivated more by a dislike of Wells Fargo than a good faith need to protect themselves. The court is not inclined to reconsider its decision, if that is the real reason for the Sotos' motion.

To the extent this memorandum satisfies the Sotos' requests for additional findings, their motion is granted. To the extent it does not, their motion is denied.

Dated: March 26, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge